Chicago & Grand Trunk Railway Company

v.

Henry A. Foster, Administrator.

*Railroads—Negligence of—Personal Injuries—Contributory Negligence—Evidence—Hearsay—Instructions.*

1. The jury in a given case should not be instructed that they must not disregard the evidence of any " reliable " witness.

2. In a personal injury case where a death took place through the alleged negligence of another, a witness should not be allowed to testify that deceased informed him not long before the accident and at some distance from the place where it occurred that he was going home by a certain street, the same not being part of the *res gestæ.*

[Opinion filed January 7, 1893.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. F. H Culver, for appellant.

Messrs. F. M. Carlton, David H. Stapp and David S. Geer, for appellee.

MR. JUSTICE SHEPARD. This was an action for damages for the killing of George D. Letterman by the appellant company in the course of operating its trains, in Chicago.

On the trial, the testimony of a witness, one Brown, was allowed, against objection, as to what the deceased said to him concerning his intentions about going home by a certain route, on the night of the accident.

The principal contention on the trial was as to whether the deceased was guilty of contributory negligence, and there was evidence tending to show that the deceased was walking on the private right of way of the appellant, where neither his business nor duty called him, at the time he was struck and run down by a locomotive.

The body was found about 150 feet north of the street crossing.

The jury, by a special finding, found that the deceased was not on the private right of way of the company when struck, but that he was struck on the north side of the street crossing, and was run over on the tracks and private right of way. There was evidence that tended to support the special finding. Under such circumstances it was important that nothing but competent evidence should have been submitted to the jury. The testimony of the witness Brown that the deceased said to him when they separated that night on 12th street, near 3d avenue, a distance of two blocks north from 14th street, and two short blocks east of the point of intersection of the track on which the accident occurred, with 14th street, to the effect that he was going down to 14th street and across to Clark street, was wholly inadmissible, and because it was on the vital question in the case, its admission amounted to such serious error as to require a reversal for that error alone. That conversation was no part of the *res gestæ*, and was mere hearsay. An inspection of the other evidence in the case shows to us that the jury must necessarily have given much weight to this statement of the route the deceased intended to take, in order for them to have made the special finding that he was struck on 14th street.

There was further error in the exclusion of evidence offered by appellant, as to the condition of the body and clothing of the deceased when found.

Such evidence would have tended to show whether the body had been carried or dragged from the street crossing to the point where it was found, and whether the body had been so carried or dragged would have been a material circumstance for the jury to have considered in determining where the deceased was when struck by the locomotive.

We call attention to the manifest error in the fifth instruction given for the plaintiff, wherein the jury are told that they may not "disregard the evidence of any *reliable* witness." The inaccuracy of the instruction is apparent. The jury may have understood that every witness was "reliable," unless he were successfully impeached, or it was shown that his reputation for veracity was bad, or that they were at liberty under the law to arbitrarily and capriciously say one witness was reliable and another was not.

The two succeeding instructions for the plaintiff should have been more accurately drawn in the matter of stating the degree of care and of negligence which a railway company must observe and may be guilty of in the operation of its trains.

The judgment will have to be reversed and the cause remanded.

*Reversed and remanded.*